[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 7, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10236
Non-Argument Calendar

_____

D. C. Docket No. 03-00842-CV-WBH-1

JOSEPH EARL SMITH,

Plaintiff-Appellant,

versus

ROBERT H. McMICHAEL, Chief Deputy U.S. Marshal,
UNKNOWN, (Two Unknown U.S. Marshals)

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 7, 2005)

Before TJOFLAT, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Joseph Earl Smith, a federal prisoner, appeals, <u>pro se</u> and <u>in forma pauperis</u>, the dismissal of his civil rights action, under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S. Ct. 1999 (1971). Because the district court did not err when it dismissed Smith's case, we affirm.

## I. BACKGROUND

Smith filed a <u>pro se</u> complaint in the district court and named as defendants Chief Deputy United States Marshal Robert H. McMichael in his individual and official capacities, and two unknown United States Marshals in their individual and official capacities. Smith alleged that, on March 21, 2001, two unknown marshals confiscated and destroyed extensive portions of legal materials that Smith had accumulated regarding his criminal case and the conditions of his confinement at the Atlanta Pre-trial Detention Center. Smith alleged that the two unknown marshals violated his due process rights under the Fifth Amendment, denied him "access to the courts," conspired to confiscate and destroy his legal materials in violation of his First and Fifth Amendment rights, and violated his "pursuit of liberty" by purposely and maliciously disposing of his legal papers. Smith alleged that McMichael caused him harm by failing properly to instruct, supervise, and train the two unknown marshals.

The district court dismissed all Smith's claims as frivolous, except the

2

access to courts claim.  See 28 U.S.C. § 1915A.  On a motion by Smith for reconsideration and leave to amend, the district court vacated its dismissal and granted Smith leave to amend his complaint.  In an order dated November 5, 2003, the district court instructed Smith to draft his amended complaint on an attached Bivens form, imposed a 20-page limitation on the amended complaint, and stated that Smith was required to identify clearly each defendant responsible for each claim and to state concisely his factual allegations.  The district court warned that "failure to timely submit an amended complaint which conforms to [its] instructions may result in the dismissal of those claims that [Smith] seeks to amend."  On a motion for extension of time, the district court extended the deadline for Smith to file his amended complaint to February 20, 2004.

On February 23, 2004, Smith filed a 79-page amended complaint that named additional defendants.  Smith also filed a motion to consolidate his Bivens claims with new claims under section 1983.  In an attached affidavit, Smith requested that, "if this combined complaint is completely unacceptable, that he would be given an even shorter amount of time (i.e. 15 days) to submit an amended version of the 'bare bones' complaint he submitted on March 21, 2003."

In an order dated March 8, 2004, the district court stated that it had reviewed Smith's proposed amended complaint and the attached affidavit and noted that

3

Smith had failed to comply with the instructions of the district court in its November 5, 2003, order. The district court denied Smith's motion to consolidate, and disallowed the proposed amended complaint. The district court also dismissed Smith's claims against the two unknown marshals. The only remaining claim was Smith's access-to-the-courts claims against McMichael.

McMichael filed a motion to dismiss Smith's action. The district court granted the motion to dismiss, on November 22, 2004, on the grounds that the complaint did not state a claim on which relief could be granted and, in the alternative, that Smith had failed to exhaust his administrative remedies. Smith filed a Notice of Appeal. The Notice of Appeal specifically stated that Smith appealed "to the United States Court of Appeals for the Eleventh Circuit from an order granting defendant's motion to dismiss entered in this action on the 22nd day of November, 2004."

## II. STANDARD OF REVIEW

We review the denial of a motion to amend a complaint for abuse of discretion. Campbell v. Emory Clinic, 166 F.3d 1157, 1160-61 (11th Cir. 1999). Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). We also "review the district court's application of Rule 15(c) for an abuse of discretion." Wayne v. Jarvis, 197 F.3d 1098, 1102 (11th Cir. 1999).

4

## III.  DISCUSSION

Smith asserts two arguments on appeal.  First, Smith argues that the district court should have construed the affidavit attached to his proposed amended complaint as a motion for a 15-day extension for leave to file another amended complaint in the event that the proposed amended complaint was unacceptable. Second, Smith argues that the district court erred in dismissing his claims against the two unidentified U.S. Marshals.

Before turning to the merits of Smith's arguments on appeal, we must first determine whether we have jurisdiction to consider those arguments.  McMichael argues that Smith's arguments are not properly before the court because the district court orders about which Smith complains were not designated in his notice of appeal.  We disagree.

Federal Rule of Appellate Procedure 3(c) requires a Notice of Appeal to "designate the judgment, order, or part thereof appealed from."  Fed. R. App. P. 3(c)(1)(B).  "The general rule in this circuit is that an appellate court has jurisdiction to review only those judgments, orders or portions thereof which are specified in an appellant's notice of appeal."  Osterneck v. E.T. Barwick Indus., Inc., 825 F.2d 1521, 1529 (11th Cir. 1987).  We liberally construe the requirements of Rule 3, however.  Smith v. Barry, 502 U.S. 244, 248, 112 S. Ct. 678, 681

5

(1992).  "[W]hen papers are 'technically at variance with the letter of [Rule 3], a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires.'" Id., 112 S. Ct. at 681-82 (quoting Torres v. Oakland Scavenger Co., 487 U.S. 312, 316-17, 108 S. Ct. 2405, 2408-09 (1988).

Liberally construed, Smith's notice of appeal sufficiently complies with Rule 3.  It is clear from Smith's notice of appeal, "that the overriding intent was effectively to appeal." McDougald v. Jenson, 786 F.2d 1465, 1474 (11th Cir. 1986).  Although Smith specifically designated only the order of the district court that granted McMichael's motion to dismiss, we have permitted "appeals from orders not expressly designated in the notice of appeal, at least where the order that was not designated was entered prior to or contemporaneously with the order(s) properly designated in the notice of appeal." Id.  The orders that Smith challenges on appeal were interlocutory orders entered before the order of final judgment designated in the notice of appeal.  Given the posture of the case and the pro se status of Smith, we find that the notice of appeal shows an overriding intent to appeal the interlocutory orders of the district court.  We, therefore, consider the merits of Smith's arguments on appeal.

Smith argues that the district court erred when it failed to construe the

6

affidavit to his proposed amended complaint as a motion for an extension of time to file another amended complaint. This argument fails. "A district court need not . . . allow an amendment . . . where they has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed . . . ." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).

There is no evidence that the district court did not liberally construe Smith's affidavit. On the contrary, it is evident from the order of the district court that the district court considered Smith's affidavit and denied Smith's request to amend his complaint further. The district court stated that "the [c]ourt will allow Plaintiff NO ADDITIONAL OPPORTUNITIES to amend this complaint."

Moreover, the denial of the motion to amend was not an abuse of discretion. The district court granted Smith an opportunity to amend his complaint with specific instructions and granted Smith a generous extension of time to file the amended complaint. Smith complied neither with the specific instructions of the district court nor with the deadline for filing. The district court was not required to allow Smith further opportunities to amend his complaint.

Smith also argues that the district court erred when it dismissed the two unknown U.S. Marshals from the case. Smith admits that he does not know the identity of the U.S. Marshals. Because the statute of limitations has run, Smith

7

cannot amend his complaint to add the names of the unknown marshals.  <u>See</u>

<u>Wayne v. Jarvis</u>, 197 F.3d 1098, 1103 (11th Cir. 1999); Fed. R. Civ. P. 15(c).  The

district court, therefore, properly dismissed the unknown marshals as defendants.

## IV.  CONCLUSION

The district court did not abuse its discretion when it denied Smith further

opportunities to amend his complaint or when it dismissed the two unknown U.S.

Marshals as defendants.  The judgment of the district court, therefore, is

**AFFIRMED.**